IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | | |
|---|---|---|
| DEZELL YOUNG #150077 | § | |
| | § | |
| V. | § | CIVIL ACTION NO. G-04-313 |
| | § | |
| GEAN LEONARD, ET AL. | § | |

## REPORT AND RECOMMENDATION

Plaintiff Dezell Young, proceeding *pro se*, filed this civil rights complaint pursuant to 42 U.S.C. § 1983. Having reviewed Plaintiff's complaint and answers to interrogatories, this Court makes the following recommendation to the District Judge.

When a plaintiff seeks to proceed *in forma pauperis* pursuant to 28 U.S.C. §1915(a), the court may dismiss the pauper's case if satisfied that it is frivolous or malicious. 28 U.S.C. §1915(e)(2). A case may be dismissed for being frivolous if the claim has no realistic chance of ultimate success or has no arguable basis in law and fact. *See Pugh v. Parish of St. Tammany*, 875 F.2d 436, 438 (5th Cir. 1989); *Booker v. Koonce*, 2 F.3d 114 (5th Cir. 1993). The determination whether an action is frivolous or malicious may be made prior to service of process; therefore, such claims are dismissible *sua sponte* prior to service under 28 U.S.C. § 1915 (e)(2). *Ali v. Higgs*, 892 F.2d 438 (5th Cir. 1990). A Plaintiff proceeding pursuant to Section 1983 must show that he has been deprived of a right secured by the Constitution and laws of the United States, and that the deprivation was caused by a person acting under color of state law. *See e.g., Thorne v. Jones*, 765 F.2d 1270 (5th Cir. 1985), *cert. denied*, 475 U.S. 1016 (1986).

Plaintiff alleges that on March 26, 2004, he and several other inmates at the Galveston County Jail suffered a single incident of food poisoning and became "very sick," with complaints of "serious stomach pains and redundant bowel movements." Plaintiff did not submit a sick call request when he became sick, but instead waited until "a later date." He was examined by a nurse the next morning between 6 a.m. and 9 a.m., and again at an indeterminate time the same day by a health professional from the University of Texas Medical Branch. Plaintiff complains that he received no medical treatment other than being served chicken broth; he was also told to continue taking his presribed medication for peptic ulcer. Plaintiff states in his answers to interrogatories that he does not believe his bout with food poisoning was intentionally or deliberately caused, but asserts that he has suffered mental anguish as a result of the "deliberate neglect" of those responsible for his care while in jail. He seeks damages for any "residual effects" he may suffer in the future from the incident of food poisoning.

The conditions under which inmates are confined are subject to scrutiny under the Eighth Amendment; included is the right to be free from conditions of confinement that impose an excessive risk to the inmate's health or safety. *Helling v. McKinney*, 509 U.S. 25, 31 (1993); *Farmer v. Brennan,* 511 U.S. 825, 837 (1994). In order to establish that this right has been violated, an inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm so grave that it violates contemporary standards of decency to expose anyone unwillingly to such a risk; and, he must show that prison officials "knew of and disregarded an <u>excessive</u> risk to inmate health or safety"; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. *Farmer,* 511 U.S. at 834 (*quoting Wilson v. Seiter*, 501 U.S. 294, 298 (1991)).

In this case, Plaintiff has failed to allege a single fact which would support a claim of deliberate indifference by any Defendant. A single incident of unintended food poisoning does not rise to the level of a constitutional violation. *George v. King*, 837 F.2d 705, 707 (5th Cir. 1988); *see also Franklin v. True,* 76 F.3d 381 (7th Cir.), *cert. denied*, 518 U.S. 1009 (1996). Plaintiff's claim is one of negligence concerning a possible case of food poisoning, and mere negligence is not actionable under Section 1983. *Daniels v. Williams*, 474 U.S. 327, 328 (1986). Plaintiff's contentions most closely resemble a tort claim; however, Section 1983 imposes liability for deprivation of constitutionally protected rights, not for violation of tort duties of due care. *Griffith v. Johnston*, 899 F.2d 1427, 1435 (5th Cir. 1990). Plaintiff's claim lacks an arguable basis in law and is frivolous.

For the aforementioned reasons, it is the **RECOMMENDATION** of this Court that the instant cause be **DISMISSED with prejudice as frivolous**.

The Clerk shall send a copy of this Report and Recommendation to the Plaintiff, who shall have until **October 30, 2006,** in which to have written objections physically on file in the Office of the Clerk. The objections shall be mailed to the Clerk's Office in Galveston, Texas 77553 at P.O. Drawer 2300. Failure to file written objections within the prescribed time shall bar an aggrieved party from attacking on appeal the proposed factual findings and legal conclusions accepted by the District Judge, except upon grounds of plain error.

**DONE** at Galveston, Texas, this the _____12th_____ day of October, 2006.

_____
John R. Froeschner
United States Magistrate Judge