IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | | |
|---|---|---|
| DEZELL YOUNG, #150077 | § | |
| | § | |
| V. | § | CIVIL ACTION NO. G-04-313 |
| | § | |
| GENE LEONARD, ET AL. | § | |

## ORDER OF DISMISSAL

Before the Court is a Request from Plaintiff requesting dismissal of his case pursuant to Rule 41(a) of the Federal Rules of Civil Procedure. Having reviewed Plaintiff's case in its entirety, this Court will deny Plaintiff's Request for the following reasons.

Plaintiff filed the above-styled complaint pursuant to 42 U.S.C. § 1983, complaining that he suffered food poisoning on one occasion at the Galveston County jail in March, 2004. On August 24, 2004, the case was dismissed without prejudice for Plaintiff's failure to execute proper *in forma pauperis* authorization forms. The Order of Dismissal was returned to the Court, however, because Plaintiff also failed to notify the Court of his address change. In September, 2004, Plaintiff learned that his case had been dismissed, requested reinstatement, and the Court subsequently ordered that the case be reopened. Again, Plaintiff failed to authorize appropriate *in forma pauperis* forms, and, again, the case was recommended for dismissal by the United States Magistrate Judge. In December, 2005, Plaintiff finally executed the appropriate forms. Since that time, Plaintiff has answered a set of interrogatories propounded by the Court, and after careful screening, the Magistrate Judge has entered a Report and Recommendation that the case be dismissed with prejudice as frivolous. The Report and Recommendation is presently before the Court; Plaintiff has failed to file objections within the ordered time, opting, instead, to move for voluntary dismissal of his case. No reason for the request for voluntary dismissal is stated.

Plaintiff's request to voluntarily dismiss the instant complaint was filed before the Defendants were ordered to answer, and after the Court had ordered him to complete interrogatories so that his complaint could be screened pursuant to 28 U.S.C. §§ 1915 and 1915A.

The first sentence of Rule 41(a)(1) provides that "[s]ubject to the provisions of Rule 23(e), of Rule 66, and of any statute of the United States, an action *may* be dismissed by the Plaintiff without order of court...." Fed.R.Civ. P. 41(a)(1) (West 2004).  In deciding whether to allow a Rule 41(a) motion, courts typically look to the Defendant's effort and expense of preparation to date, excessive delay and lack of diligence on the part of the Plaintiff in prosecuting the action, and insufficient explanation for the need to take a dismissal.  *See* 9 Wright & Miller, Federal Practice and Procedures, § 2364 P. 170 (1971).  The United States Court of Appeals for the Fifth Circuit has held that voluntary dismissal without prejudice is not appropriate after adverse findings and recommendations have been issued, *see Davis v. Huskipower Outdoor Equipment Corp.*, 936 F.2d 193, 199 (5th Cir. 1991), which is exactly what has occurred in this matter.

Moreover, because Plaintiff is a prisoner, a conflict exists between Rule 41(a) and the prison litigation provisions enacted by the PLRA.  The Fifth Circuit has  "recognized that where a conflict exists between a Rule and a statute, the most recent of the two prevails."  *United States v. Wilson,* 306 F.3d 231, 236 (5th Cir. 2002) (citing *Jackson v. Stinnett*, 102 F.3d 132, 134-36 (5th Cir. 1996)). The PLRA was enacted in April 1996 after the effective date of Rule 41(a)(1); thus, while Plaintiff does have the right to voluntarily dismiss his Section 1983 action, the right is subject to the provisions of the Prison Litigation Reform Act, which was designed largely to curb waste of judicial resources by discouraging the filing of baseless lawsuits that are unlikely to succeed.  *See Crawford-El v. Britton*, 523 U.S. 574, 596 (1998).  Inasmuch as Congress intended the PLRA as a whole to reduce prisoner litigation, allowing a prisoner to voluntarily dismiss a complaint after the screening

has been completed and an adverse recommendation has been rendered would allow prisoners to frustrate Congress's clear intent behind enacting the PLRA. Moreover, a prisoner allowed to dismiss his complaint without prejudice after a Magistrate Judge has recommended dismissal of the complaint under §§ 1915, 1915A, or 1977e, would not accumulate a "strike;" he would not have to weigh the merits of his complaint before filing because he could wait to let the court evaluate it for him; and, he would be able to continue filing frivolous, malicious, and meritless complaints that unduly burden scarce judicial resources. In the instant cause, Plaintiff gave no reason for requesting voluntary dismissal of his case, and he filed no objections to the Magistrate Judge's Report and Recommendation that the case be dismissed as frivolous.

Accordingly, for the aforementioned reasons, the Court will **DENY** Plaintiff's Request for Voluntary Dismissal because it is clearly an attempt to circumvent an adverse consequence.

Upon appropriate review pursuant to Rule 72 of the Federal Rules of Civil Procedure and 28 U.S.C.§ 636(b)(1)(C), the Court is satisfied that there is no clear error on the face of the record in these proceedings. Accordingly, the Report and Recommendation is **ACCEPTED** in its entirety and incorporated herein by reference. It is **ORDERED** that cause is **DISMISSED** with prejudice as frivolous.

This Order does not release Plaintiff or the Texas Department of Criminal Justice, Institutions Division from the obligation to pay the filing fee previously imposed. Plaintiff is advised that if he appeals this dismissal, he will be required to pay the appeal fee of $455.00 pursuant to the Prison Litigation Reform Act, and he must submit a 6-month certificate of his inmate trust account when he files his notice of appeal.

A certified copy of this Order shall be mailed to: **TDCJ-Office of the General Counsel**, P.O. Box 13084, Austin, Texas, 78711; and, to **TDCJ Local Funds Division**, P.O. Box 629,

Huntsville, TX  77342-0629.

      **DONE** at Galveston, Texas, this the 21st day of November, 2006.

Samuel B. Kent
United States District Judge